MARION GAGNON *v*. CLIFTON FLEURY ET UX.

(92 A2d 470)

October Term, 1952.

Present: SHERBURNE, C. J., CLEARY, ADAMS and CUSHING, JJ., and CHASE, Supr. J.

Opinion Filed November 5, 1952.

*C. O. Granai* for the plaintiff.

*Daniels & Reed* for the defendants.

SHERBURNE, C. J.   This is an action for conversion.   Trial was by court resulting in a judgment for the defendants.   The cause comes here upon plaintiff's exceptions.

The findings show that the plaintiff had a furnished home in Springfield, Massachusetts, and was having marital trouble with her husband, and while visiting the defendants at their home in Moretown, had a conversation with the defendant Clifton Fleury, her brother, about bringing her furniture to Vermont.   As a result of this conversation Clifton Fleury engaged a truck from his employer to transport the furniture from Springfield, Massachusetts, to his residence in Moretown.   In consequence of a suggestion by the plaintiff that a paper be made to avoid possible trouble with her husband in obtaining the furniture, and also to permit the goods to come into Vermont, the parties went before a notary public in Springfield, Massachusetts, who prepared a paper certifying that on November 26, 1949, the plaintiff had sold all her household goods to the defendant Clifton Fleury for the consideration of $200.00 paid in full on that date, which paper the plaintiff signed and delivered to said Fleury.   On November 29, 1949, the parties left

with the furniture, which was transported in the said truck to the residence of the defendants in Moretown. Although Clifton Fleury claimed that he agreed to purchase such household furnishings and paid the plaintiff $200.00 in cash therefor, the court finds that there was no such agreement on his part and that no such payment was made. Upon demand of the plaintiff Clifton Fleury refused to return the paper signed by the plaintiff and the items of household furnishings here in question.

The findings recite that the defendants seasonably objected to the reception of evidence offered by the plaintiff tending to show the purpose for which the bill of sale was given, and at the conclusion of plaintiff's evidence moved that all testimony of this character, tending to show that the bill of sale was a mere sham, be stricken from the record, and again at the conclusion of all the evidence renewed this motion, and that these motions were granted and the plaintiff was allowed an exception. The court took the view that such parol evidence was not admissible for the purpose of showing that the bill of sale was a mere sham.

Under our decisions parol evidence is not admissible on behalf of a party to a written instrument in an action against the other party to show that it was a mere sham and made for the purpose of deceiving a third person. In *Kinnear & Gager Mfg. Co.* v. *Miner,* 88 Vt 324, 92 A 459, the plaintiff sued to recover on a signed proposal submitted to the defendant and accepted by him in writing for certain outside material. There was another contract between the parties, executed at the same time, for steel ceiling. The defendant claimed that the outside material sued upon was to be furnished without charge in consideration of his entering into the second contract, and that he signed the writing on the representation of plaintiff's agent to enable the plaintiff to secure the outside material from a firm carrying that stock. Evidence offered to establish this claim was held to be inadmissible against the objection of the plaintiff that it was evidence varying the terms of a written contract. In *Town of Grand Isle* v. *Kinney,* 70 Vt 381, 41 A 130, the defendants signed an agreement with the plaintiff's selectmen to pay $1,000 or such sum as might be needed to make up the difference between the $19,-000 appropriated by the plaintiff town and $20,000 in order to secure the certificate of the state engineer and the sum of $20,000 appropriated by the State toward the construction of a bridge at a cost of $40,000. Evidence tending to show that it was agreed that the

defendants were not to pay anything on the contract was excluded. In *Conner* v. *Carpenter,* 28 Vt 237, the written contract was entered into as part of a scheme to impose upon the plaintiff's creditors. Evidence that the contract was agreed to be a sham was excluded. In *Blodgett* v. *Morrill,* 20 Vt 509, the defendant signed a subscription for the purpose of assisting in building a meeting house. Evidence that the defendant was induced to sign the subscription upon assurance of the agent that he wanted his signature to influence others to sign, and that he should never be called upon to pay was held to be inadmissible.

In this case the evidence objected to and later stricken from the record showed that the bill of sale was executed and delivered by the plaintiff for the purpose of enabling Clifton Fleury to deceive her husband and any Federal inspector who might stop him on the highway to see if he was violating the law relative to interstate transportation of goods. The giving of the bill of sale for the purpose of deception was morally beyond sanction. We think the situation here is sufficiently similar to those presented in our cited cases to require it to be governed by the same rule.

*Error is not made to appear. Judgment affirmed.*